### UNITED STATES v. SING LEE.

### SAME v. HAY FOON.

#### (District Court, W. D. New York. October 8, 1903.)

1. CHINESE EXCLUSION—PROCEEDING FOR DEPORTATION—BURDEN OF PROOF.
   The burden of proof rests upon a Chinese person arrested for deportation, as being unlawfully within the United States, to sustain his right to remain, although based on a claim of citizenship, or, in case he is ordered deported, to sustain his claim of right to be removed to a country other than China, on the ground that he is a subject or citizen of such country.

2. SAME—SUFFICIENCY OF EVIDENCE.
   The findings of a commissioner against the right of a Chinese person, claiming to be a native of the United States, to remain in this country, and against the right of another to be deported to Canada as a naturalized British subject, *held* justified under the evidence.

Proceedings for Deportation of Chinese Persons. On appeal from decision of commissioner.

McInerny & Bechtold, for appellants.

Wesley C. Dudley, for the United States.

HAZEL, District Judge. The Chinese persons above named 'are awaiting removal from the United States to China pursuant to an order of removal dated June 3, 1903, made by Commissioner Hebbard, before whom the appellants were adjudged Chinese laborers unlawfully in the United States. From the decree of deportation they have appealed to the District Court within the period of 10 days allowed by law. For Sing Lee it is contended that he is a British subject, and that, having been found to be unlawfully in this country, his removal therefrom should be to the Dominion of Canada, his place of domicile, and the country of which he is a citizen. Upon the hearing the appellant, in corroboration of his testimony as to citizenship, produced a passport issued and dated as long ago as January 17, 1901, by the Under Secretary of State of the Dominion of Canada, certifying that a Chinese person by the name of Sing Lee is a British subject by naturalization. It is provided by section 2 of the Chinese

exclusion act of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], that a Chinese person who is unlawfully within the United States shall be removed therefrom to China, unless it shall appear to the commissioner before whom the trial takes place that such Chinese person is a subject or citizen of some other country, in which case the decree of deportation shall direct the removal to such country. But, in any case where such country shall demand any tax as a condition of the removal to that country, then such Chinese persons shall be removed to China. At the argument counsel for the appellant contended that the evidence conclusively established Sing Lee's right to removal to the Dominion of Canada, and it was said that he or friends for him would pay any tax that might be demanded or imposed upon his return to Canada. This question is not before the court for decision, as the evidence fails to establish the appellant's right to removal to the Dominion of Canada, irrespective of the question of head tax. It need hardly be said that the passport is not conclusive evidence of its contents. The cross-examination of the appellant by the United States attorney quite clearly shows the danger of giving undue weight to the facts asserted in the passport. Its possession by the appellant was not satisfactorily accounted for. The document upon its face bears the name of Sing Lee, written in English, and purports to be the signature of the bearer. The appellant, however, admits the signature is not in his handwriting, and fails to give any further information regarding it. The burden of proof in this class of cases, both as to the right to remain within the United States and the right of removal to a country other than China, rests upon the accused. A United States commissioner before whom a Chinese person claimed to be unlawfully in this country is tried, is charged in the first instance with ascertaining and determining the facts regarding the illegal entry into the United States. He is not obliged to accept as true the testimony of the person proceeded against, even though such testimony is uncontradicted and apparently corroborated. The general rule that where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited, is well understood to be subject to many exceptions. Elwood v. Western Union Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501. The exception to the rule, which may be said to be almost as firmly established as the rule itself, was, I think, properly applied in this case. In the absence of particularity in the statements of the appellant, the commissioner might well believe that the pretended passport was improperly procured to aid in evading the law and to delude judicial vigilance.

For Hay Foon, it is asserted that he is a citizen of the United States by birth, and his permanent domicile and residence is in the city of Baltimore. The appellant's testimony tended to establish his asserted citizenship and his right to remain in this country. Chew Wing, a witness for the appellant, gave testimony in support of this claim. As has been stated, the exclusion act expressly puts the burden upon Chinese persons to establish their right to remain in the United States. The burden does not shift because of the asserted claim of citizenship.

The recent case of Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121, is decisive authority upon this point. Chief Justice Fuller, writing for the Supreme Court, uses this language:

"By the law the Chinese person must be adjudged unlawfully within the United States unless he 'shall establish by affirmative proof, to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States.' As applied to aliens there is no question of the validity of that provision, and the treaty, the legislation, and the circumstances considered, compliance with its requirements cannot be avoided by the mere assertion of citizenship. The facts on which such a claim is rested must be made to appear. And the inestimable heritage of citizenship is not to be conceded to those who seek to avail themselves of it under pressure of a particular exigency, without being able to show that it was ever possessed."

I am unable to say from the evidence that the commissioner erred in not giving credence to appellant's professions of citizenship. Having had the witnesses before him, he was enabled to carefully observe their manner and conduct in giving testimony; hence his judgment and decision upon the disputed facts must be given great weight. Some slight contradictions appear in the appellant's showing; but the government does not rest upon any assumption that might arise therefrom. Evidence was given tending to show that, on the day preceding his unlawful entry into the United States, Hay Foon was seen by a government inspector on a passenger train proceeding from Hamilton, Canada, to the frontier at Buffalo, N. Y. He was accompanied by the appellant Sing Lee, and by another Chinese person named Chong Due, who was also found by the commissioner to be unlawfully in this country, but who has not appealed from the decree of deportation. The evidence on this point is positive and direct. Hay Foon testified, by way of explanation, that he went to Buffalo from Baltimore to meet his cousin Sing Lee, and awaited his arrival from Toronto at the depot in Buffalo, from whence he (Sing Lee) and Chong Due proceeded to the city of Rochester, where all three were arrested and tried. Evidently the commissioner discredited the showing of the appellant and gave credence to that of the government. Sufficient reason does not appear for disturbing the finding of the commissioner.

The order of removal in each case is affirmed.